No. 30.—MARTHA ASHBURN, by her next friend, plaintiff in error, *vs.* JOHN C. ASHBURN and DAVIS GAMAGE, administrators, &c. defendants.

[1.] A Court of Equity will not interfere with the due administration of assets in the hands of an executor or administrator, upon slight grounds.   To justify such interference, the bill should show good and substantial reasons to fear some probable injury, at least, to the rights and interests of the complainant.

[2.] An administrator *de bonis non, cum testamento annexo*, has no authority to sell and convey titles to lands not disposed of by the will of his testator.

[3.] Where the same person is administrator with the will annexed, as to the personalty, and administrator *ceterorum*, as to the realty, an order to sell the land should be granted to him, in his latter character, and the advertisement should pursue the order.

In Equity, in Macon Superior Court.   Decided by Judge POWERS, May Term, 1854.

The facts of this case are as follows: In 1845, Joseph Edwards of Macon County died, leaving a will in his own handwriting, but not signed or attested, which was admitted to probate, as to the personalty, by the Court of Ordinary.   His widow, Mahala Edwards, was the executrix named in the will, and qualified as such.   The executrix was directed, by the will, to keep the estate together until the youngest child should arrive at 21 years of age.   She accordingly held the estate until her death in 1852; within which time she had paid the debts, and had made purchases of property, real and personal— part of which she had paid for, and for part she was indebted at the time of her death.   After her death, John C. Ashburn, who had married Martha, a daughter of Joseph Edwards, procured letters of administration *de bonis non*, with the will annexed, on the estate of said Joseph Edwards, and was proceeding to distribute the same, when his wife, Martha Ashburn, by her next friend, filed her bill alleging the foregoing facts; and that John C. Ashburn was wholly insolvent, and praying that he might be enjoined from distributing the estate, and that provision should be made, out of her portion thereof, for her

and her children, free from the control or debts of her husband.

The injunction was granted, and the cause was proceeding, when John C. Ashburn was dismissed from the administration, and Davis Gamage was appointed in his room. Gamage likewise procured letters of administration *ceterorum*, of the estate of Joseph Edwards; and also, letters of administration of the estate of Mrs. Mahala Edwards.

Gamage proceeded to insert in the newspapers certain advertisements—one, signed by himself as administrator of Mahala Edwards, offering for sale, in the usual manner, and by order of the Court of Ordinary, certain property, consisting of land and negroes and perishable property of the said Mahala Edwards; and another, signed by himself, as administrator *de bonis non, with the will annexed*, of Joseph Edwards, offering for sale, in like manner, by order of the Court of Ordinary, certain land, negroes and perishable property of the said Joseph Edwards.

Mrs. Ashburn then filed her supplemental bill, reciting these additional facts, praying that Gamage, in his several capacities, might be made a party defendant to her former bill, alleging that Mrs. Edwards had no property of her own; that the property advertised for sale, as hers, was really the property of the estate of Joseph Edwards; charging that Gamage, in his capacity of administrator *de bonis non*, with the will annexed, in which capacity he had advertised the sale of Joseph Edwards' property, had no power to sell real estate; praying that Gamage be enjoined from proceeding with either of his proposed sales, and that a settlement and account of the estate be had, which the bill alleged had never been made by Mrs. Edwards or any one else, and that the portion of complainant be set apart, as before prayed, &c.

The injunction was granted as prayed for.

Gamage answered the bill, alleging that the property which he had advertised for sale, as the property of Mrs. Edwards, was truly her property—bought by her since her husband's death, and for which she had given her individual notes, one of

Ashburn *vs.* Ashburn and another, administrators.

which he, himself, held.     He answered that the mode in which he had signed the advertisment of Joseph Edwards' land, was of no consequence, as he really was also the administrator *ceterorum*, of said estate; and that he and his securities were amply sufficient to respond for any misfeasance in him, in relation to the estate.

On the coming in of the answer, and motion thereupon to dissolve the injunction, complainants' Counsel moved for leave to file an amendment to their bill, the substance of which was, that the individual debts of Mrs. Edwards were more than sufficient to consume the property claimed as her separate property; that she was largely indebted to the estate of her husband; that a portion of the property bought in her own name, was really bought with the funds of the estate, and that her administrator should be decreed to come to a settlement of her account with her husband's estate, and to make good to it her entire indebtedness, in preference to other debts incurred by her.

The Court allowed the amendment, and ordered that the injunction be dissolved, so as to leave defendant, Gamage, at liberty to proceed with his sales, without prejudice to the rights of complainant.

To which decision complainant excepted.

Miller & Hall; R. P. Hall; Warren and Scarboro, for plaintiff in error.

Robinson, Warner and Scarboro, for defendant.

HARVARD LAW SCHOOL LIBRARY

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] We see no reason for reversing the judgment of the Circuit Court.     The complainant does not, even in her amended bill, charge or insinuate that the administrator, Davis Gamage and his securities, are not amply able to respond, in damages, for any waste or mismanagement of the estate.     And in the absence of any such allegation, we think the Court was

right in refusing to restrain Mr. Gamage from proceeding with the administration of the estate.

[2.] Had the injunction been dissolved before the time when the property was to have been sold, we are not prepared to say that Chancery might not have interposed to have arrested that sale which was manifestly illegal.

[3.] For it will not be pretended that the administrator of Joseph Edwards, under an order of the Court of Ordinary, and an advertisement, by him, to sell as administrator *de bonis non*, with the will annexed, could have sold and conveyed titles to lands, which were not disposed of by the will. We deem it fortunate for the creditors, therefore, as well as the administrator himself, that the sale was not consummated.

And as these several estates now stand, it is impossible for the Court of Ordinary to adjust them. Resort should be had to a Court of Equity, whose jurisdiction is ample over administrations, situated as this is, to administer full relief, by taking an account between the estates of Mr. and Mrs. Edwards, dividing the property or ordering a sale, by the administrator, of the whole or any portion thereof, at such times and upon such terms as it may direct, and securing to Mrs. Ashburn a suitable settlement, as prayed for by her bill, both out of the estates of her deceased father and her deceased mother also, should any surplus of the latter remain, after settling with her husband's estate and discharging the indebtedness, if any, hanging over her own.